UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MARLOWE NATHANIEL BROOKS, | Civil No. 09-1388 (ADM/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| JOHN KING, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 2001, Petitioner entered into a plea agreement in a criminal case brought against him in the state district court for Hennepin County, Minnesota. Based on that agreement, Petitioner was found guilty of second-degree murder and attempted first-degree murder. Petitioner attempted to withdraw his guilty plea, but that request was denied. He received

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

prison sentences of 180 months and 346 months, to be served concurrently. He also was ordered to pay restitution to the Minnesota Crime Victims Reparations Board. Petitioner is currently serving his prison sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal, claiming (1) he should have been allowed to withdraw his guilty plea, (2) he received ineffective assistance of counsel, and (3) the prosecution wrongly failed to present certain exculpatory evidence to the grand jury that indicted him. All of Petitioner's claims were considered and rejected on the merits by the Minnesota Court of Appeals, and the Minnesota Supreme Court denied his subsequent petition for further review. State v. Brooks, No. C1-01-1253 (Minn.App. 2002), 2002 WL 1277970 (unpublished opinion), rev. denied, Aug. 20, 2002, ["Brooks I"].

After Petitioner's convictions and sentences were upheld on direct appeal, he filed four successive state post-conviction motions. All of those motions were denied, and all of the trial court's rulings on those various motions were subsequently upheld on appeal. See Brooks v. State, No. A03-515 (Minn.App. 2004), 2004 WL 193112 (unpublished opinion), rev. denied, Apr. 20, 2004, ["Brooks II"]; Brooks v. State, No. A04-1735 (Minn.App. 2005), 2005 WL 1271322 (unpublished opinion), rev. denied, Aug. 16, 2005, ["Brooks III"]; Brooks v. State, No. A06-169 (Minn.App. 2006), 2006 WL 3593046 (unpublished opinion), rev. denied, Feb. 28, 2007 [hereafter "Brooks IV"]; Brooks v. State, No. A07-1672 (Minn.App. 2008), 2008 WL 2344814 (unpublished opinion), rev. denied, Aug. 19, 2008, ["Brooks V"].

Petitioner's current habeas corpus petition was received and filed by the Clerk of Court on June 12, 2009. However, the Eighth Circuit Court of Appeals has held that a prisoner habeas corpus petition is deemed to have been filed on the date when it is delivered to prison officials for mailing. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). In this case, the petition was signed on June 3, 2009, so Petitioner obviously did not deliver the petition for mailing before that date. For present purposes, the Court will assume, for Petitioner's benefit, that he delivered his petition for mailing on the same date that he signed it, namely on June 3, 2009, and that will be deemed to be the filing date for this action.

The current petition presents a single claim for relief, which Petitioner has summarized as follows: "Petitioner was deprived of his 14th amendment right to due process and equal protection of law when the sentencing court illegally imposed restitution." (Petition, p. (5) , ¶ 12.A.)

The Court previously reviewed Petitioner's initial submissions in this case, and noted that he was challenging a judgment entered in 2001. Because of the age of that judgment, the Court directed Petitioner to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 2244(d), which sets a one-year statute of limitations for federal habeas corpus petitions filed by state prisoners. (See Order dated June 16, 2009; [Docket No. 5].) Petitioner responded to that order by filing a Memorandum and an "Affidavit of Procedural History." (Docket Nos. 6 and 7.)

The Court now finds that Petitioner's habeas corpus petition is indeed barred by the one-year statute of limitations prescribed by federal law. Therefore, the merits of Petitioner's claims will not be addressed, and the Court will recommend that this action be

summarily dismissed.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas

4

relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on August 20, 2002.[2] However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final," and the one year federal statute of limitations began to run, as of November 18, 2002 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction and sentence on direct appeal in Brooks I.

However, the present habeas corpus petition was not filed until June 3, 2009, which was more than six years after the statute of limitations began to run. Therefore, this action

---

[2] Petitioner's "Affidavit of Procedural History" indicates that the petition for further review was denied on August 21, 2002, but according to Westlaw, the petition actually was denied on August 20, 2002. This one-day discrepancy has no bearing on the outcome of the statute of limitations calculations.

is clearly barred by the one-year statute of limitations, unless it is saved by the available tolling provisions.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). However, the statute of limitations is not tolled during the period of time when a prisoner could seek certiorari review of post-conviction proceedings in the United States Supreme Court. See Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir.) (§ 2244(d)(2) tolling period ends upon completion of state post-conviction proceedings in the highest state appellate court), cert. denied, 532 U.S. 998 (2001); Lawrence v. Florida, 549 U.S. 327, 337 (2007) (same).

In this case, Petitioner tolled the running of the statute of limitations when he filed his first post-conviction motion on January 30, 2003. (Affidavit of Procedural History, [Docket No. 7], p. 1., ¶ 7.) As of the date, however, the statute of limitations had already been running for 72 days – from November 19, 2002, (the day after the judgment of conviction became final on direct appeal), to January 30, 2003. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). The statute was then tolled from January 30, 2003, until April 20, 2004, when the Minnesota Supreme Court denied the petition for

further review in Brooks II.³  The statute of limitations then began to run again on April 21, 2004, and the statute continued to run for another 50 days, until Petitioner filed his second post-conviction motion, (and again tolled the statute), on June 10, 2004.  (Affidavit of Procedural History, p. 2, ¶ 12.)  The statute was then tolled until August 16, 2005, when the Minnesota Supreme Court denied the petition for further review in Brooks III.  (Id., p. 2, ¶ 16.)

The next day, August 17, 2005, the statute of limitations began to run once again, and this time the statute was running for another 56 days, until it was tolled (again) by the filing of Petitioner's third post-conviction motion on October 12, 2005.  (Id., p. 2, ¶ 17.)  The statute of limitations then remained tolled until February 28, 2007, when the Minnesota Supreme Court denied the petition for further review in Brooks IV.⁴  The following day, March 1, 2007, the statute of limitations began to run again.  The statute continued to run for yet another 56 days, until it was tolled by the filing of Petitioner's final post-conviction action, (a motion purportedly brought under Rule 27.03, Subd. 9 of the Minnesota Rules of Criminal Procedure), on April 26, 2007.  (Id., p. 2, ¶ 22.)  The federal statute of limitations was then tolled, (for the last time), until August 19, 2008, when the Minnesota Supreme Court denied the petition for further review in Brooks V.  (Id., p. 3, ¶ 27.)

---

³ Petitioner's "Affidavit of Procedural History" indicates that the petition for further review was denied on February 26, 2004, but according to Westlaw, the petition actually was denied on April 20, 2004.  Thus, the statute of limitations was actually tolled for 53 days longer than indicated by Petitioner's Affidavit.

⁴ Petitioner's "Affidavit of Procedural History" indicates that the petition for further review was denied on March 2, 2007, but according to Westlaw, the petition actually was denied on February 28, 2007.  This two-day discrepancy has no bearing on the outcome of the statute of limitations calculations.

After the Supreme Court's final ruling in Brooks V, on August 19, 2008, the federal statute of limitations began to run once again. This time the statute ran for another 287 days, stopping only when Petitioner filed his current federal habeas corpus petition on June 3, 2009.

Thus, the Court finds that, after excluding all of the time when the statute of limitations was tolled by reason of Petitioner's various state post-conviction proceedings, the statute of limitations was actually running in this case for a total of 521 days:

> 72 days between the end of Brooks I and the initiation of Brooks II, plus
>
> 50 days between the end of Brooks II and the initiation of Brooks III, plus
>
> 56 days between the end of Brooks III and the initiation of Brooks IV, plus
>
> 56 days between the end of Brooks IV and the initiation of Brooks V, plus
>
> 287 days between the end of Brooks V and the filing of the present petition.

(72 + 50 + 56 + 56 + 287 = 521.)

Needless to say, the 521 days that the statute of limitations was running in this case exceeds the one-year (365-day) limitation period prescribed by § 2244(d)(1)(A). Therefore, the Court finds that this action was filed after the applicable statute of limitations had expired.

Petitioner seems to believe that his various state post-conviction motions did not merely toll the running of the statute, but somehow 'reset the clock,' thus giving him a fresh new one-year limitations period each time he completed his latest his state post-conviction proceeding. (See Petitioner's Memorandum, [Docket No. 6], pp. 1-2.) That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired."

Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, the statute of limitations was merely tolled during Petitioner's various state post-conviction proceedings; the one-year limitations period did not begin to run anew when each post-conviction proceeding was completed.[5]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship

---

[5] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

"The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling.[6] It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action is time-barred by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this case be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is recommended that this action be dismissed with prejudice.[7]

---

[6] The Court's prior order, (Docket No. 5), specifically alluded to the doctrine of equitable tolling, and invited Petitioner to present any apposite arguments based on that doctrine. Petitioner's response to that order makes no mention of equitable tolling, and cites no facts that could warrant equitable tolling in this case.

[7] It should be noted that even if this action were timely, it still would be summarily dismissed, because Petitioner is presently challenging only the restitution component of his sentence, and such challenges are not reviewable in federal habeas corpus proceedings.

10

**IV. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.


Dated: September 9, 2009

     s/ Arthur J. Boylan
     ARTHUR J. BOYLAN
     United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 23, 2009.

---

See Washington v. Smith, 564 F.3d 1350, 1350-51 (7th Cir. 2009) (federal habeas review not available for claims that challenge only a restitution order); see also United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003) ("a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody"), cert. denied, 541 U.S. 1000 (2004).

11